Bernard Weinreb, Esq. (BW 3846)
Attorney for Plaintiff
2 Executive Boulevard
Suffern, New York 10901
(845) 369-1019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANASTASIA THEODOROPOULOS
        Plaintiff,

    -against-

METROPOLITAN LIFE INSURANCE COMPANY
        Defendant.
-----------------------------------------------------------------X

Civil Action No.
__ Civ. _____

06-CIV 15186

ROBINSON

    Plaintiff, by her attorney, BERNARD WEINREB, as and for her complaint against Defendants, respectfully alleges:

## I. NATURE OF THE ACTION

    1.    This is an action for injunctive and monetary relief arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), ERISA Sections 2, *et seq.*, 29 U.S.C. sections 1001 *et seq.*, and is brought pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B) because the complaint alleges the failure of the Metropolitan Life Insurance Company ("Metlife") to provide plaintiff, Anastasia Theodoropoulos ("Plaintiff") with short term disability benefits as required under the terms of a policy issued by Metlife pursuant to the BearingPoint, Inc. Group Health and Welfare Plan (the "Plan").

## II. JURISDICTION AND VENUE

    2.    This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. Section 1331 and 29 U.S.C. 1132(e)(1) this being a suit authorized and instituted

pursuant to ERISA, 29 U.S.C. Section 1132(a)(1)(B). Venue is proper in this district pursuant to 29 U.S.C. Section 1132(e)(2), because the cause of action (*i.e.*, the breach) arose in this district.

### III. PARTIES

3. Plaintiff, Anastasia Theodoropoulos ("Plaintiff"), is and, at all times relevant to this complaint, has been a resident of Piermont, Rockland County, New York. Plaintiff is a participant in the Plan within the meaning of ERISA, 29 U.S.C. Section 1002(7). At the time Plaintiff became disabled, Plaintiff was employed by BearingPoint, Inc. ("BearingPoint") at its office located in New York, New York in New York County.

4. Metlife conducts business in New York and issues insurance policies in New York.

5. The Plan is an employee benefit plan within the meaning of ERISA, 29 U.S.C. Section 1002(3). Upon information and belief, the Plan has its principal place of business in New York, New York. Upon information and belief, the Plan provides short term disability insurance benefits to its participants through an insurance policy (103174-G) purchased from Metlife. In the event that an employee of BearingPoint becomes entitled to benefits under the Plan, such benefits are paid to the employee by Metlife pursuant to the policy.

6. Upon information and belief, BearingPoint is a plan administrator within the meaning of ERISA, 29 U.S.C. Section 1002(16)(A) and a fiduciary within the meaning of ERISA, 29 U.S.C. Section 1002(21)..

7. At all times relevant herein, BearingPoint was an employer within the meaning of ERISA, 29 U.S.C. Section 1002(5), and a plan sponsor within the meaning of ERISA, 29 U.S.C. Section 1000(16)(B).

### IV. AS AND FOR PLAINTIFF'S CLAIM FOR RELIEF

8. Plaintiff realleges each allegation contained in paragraphs 1 through 7 of this complaint as though fully set forth herein.

9.  Plaintiff became employed at BearingPoint as a Manager on January 3, 2005. As a result of her employment at BearingPoint, Plaintiff became a participant in the Plan.

10. Plaintiff was employed at BearingPoint as a Manager. Her job requires her to travel by car or plane approximately 80% of the time she is employed at BearingPoint. As part of this traveling, Plaintiff needed to carry a laptop computer and a briefcase, which weighed more than 10 pounds.

11. Plaintiff went out of work for BearingPoint on September 30, 2005, on account of lower back pain. This was her last day at work at BearingPoint. Plaintiff underwent extensive back surgery, a lumbar fusion operation for her back, at L5-S1, on October 1, 2005.

12. As a result of this operation, Plaintiff's doctor directed Plaintiff not to work until her back gets better. He also restricted her from lifting more than 10 pounds. Since her traveling required her to lift more than 10 pounds, Plaintiff's doctor directed her not to travel.

13. Shortly after her operation, Plaintiff applied to Metlife for short term disability benefits under the Plan. Metlife paid Plaintiff short term disability benefits for the period October 1, 2005 through January 8, 2006.

14. The Plan defines "Disability" or "Disabled" to mean:

> Due to sickness, accidental injury or both, you are unable to perform for wage or profit the material and substantial duties of your own occupation and you are under the regular care of a Doctor.

15. During the period that Plaintiff was receiving such short term disability benefits, Metlife relied on the opinion of a nurse practitioner it retained who advised that benefits to Plaintiff be extended in light of the fact that it would be difficult for Plaintiff to perform the duties of *her own occupation* as she needs to travel so much of the time in order to perform her job. Thus, Metlife determined that Plaintiff was Disabled during that period of time pursuant to the terms of the Plan.

16. Effective January 8, 2006, Metlife withdrew Plaintiff's short term disability benefits, claiming that Plaintiff could perform the material duties of her occupation as a Manager.

3

17  The decision by Metlife to terminate Plaintiff's benefits at that time was arbitrary and capricious as Plaintiff continued to have the same back problems that she had prior to January 8. She could still not lift more than 10 pounds and could not travel pursuant to her doctor's orders.

18.  Plaintiff has exhausted all internal remedies provided by the Policy and has still been denied the disability benefits to which she is entitled.

19.  Plaintiff may recover the short term disability benefits due her under the Plan pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B).

20.  As a result of Metlife's conduct, Plaintiff has been damaged in an amount to be determined at trial, plus interest, costs and attorneys' fees pursuant to ERISA, 29 U.S.C. Section 1132(g)(1).

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests this Court to:

1. Assume jurisdiction over this action;

2. Issue a mandatory injunction enjoining the Defendant from continuing to violate ERISA; and

3. Award Plaintiff the following damages:

A.  Declaratory relief determining Plaintiff's eligibility for short term disability benefits under the Plan.

B.  Damages to be determined at trial, in an amount equal to the amount Plaintiff would have received for short term disability benefits had she continued to be declared eligible, beginning January 8, 2006, through March 31, 2006.

C.  Interest on all amounts awarded and attorneys fees pursuant to ERISA, 29 U.S.C. Section 1132(g)(1).

D.  The costs of this action.

E.  Grant Plaintiff such other and further relief as may be deemed necessary, just and proper by this Court.

Dated:   Suffern, New York
         December 13, 2006

*Bernard Weinreb*
Bernard Weinreb, Esq. (BW 3846)
Attorney for Plaintiff
2 Executive Blvd., Suite 201
Suffern, New York 10901
(845) 369-1019


To: Metropolitan Life Insurance Company
    c/o New York State Insurance Department